Eastern District of Kentucky
F I L E D
MAR 05 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| MICHAEL DALE SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> J. C. STREEVAL, Warden, ) <br> ) <br> Respondent. ) | Civil No. 0: 19-22-HRW <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Michael Dale Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] [D. E. No. 1] This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court affords Smith's petition a liberal construction because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

In December 2008, Smith and five other men were charged with two dozen criminal counts for their role in a scheme to defraud investors in oil and gas leases. Following exhaustive pre- and post-trial proceedings and a four-week jury trial,

---

[1] Smith did not pay the $5.00 filing fee required by 28 U.S.C. § 1914 or file a motion to proceed *in forma pauperis*. Smith must pay the required fee within twenty-one (21) days.

1

Smith was found guilty on numerous counts and was sentenced in July 2011 to 120 months imprisonment. *United States v. Smith*, No. 08-CR-31-JMH-1 (E.D. Ky. 2008). The Sixth Circuit affirmed Smith's convictions and sentences on direct appeal in an extensive opinion. *United States v. Smith*, 749 F. 3d 465 (6th Cir. 2014).

Smith then filed several *pro se* post-trial motions, including a motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255. Through these motions, he challenged the validity of the indictment returned against him, contending amongst other things that the government did not present a "True Bill" to the grand jury. The trial court held that this claim was factually and legally baseless, also noting that it was procedurally defaulted because Smith failed to assert it on direct appeal. *United States v. Smith*, No. 3: 15-CV-7407-JMH-HAI, 2016 WL 11214429 (E.D. Ky. June 22, 2016), *report and recommendation adopted*, 2017 WL 2766099 (E.D. Ky. June 26, 2017). The Sixth Circuit declined to grant a certificate of appealability, holding that no reasonable jurist could dispute that conclusion. *Smith v. United States*, No. 17-5798 (6th Cir. Nov. 29, 2017). In April 2018, the Sixth Circuit also declined Smith's request for permission to file a second or successive § 2255 motion to re-assert his challenge to the allegedly defective indictment. *In re: Smith*, No 17-6475 (6th Cir. Apr. 25, 2018). Smith renewed this claim in correspondence to another judge of this Court in October 2018. *United States v. Smith*, No. 08-CR-31-JMH-1 (E.D. Ky. 2008) [D. E. No. 989 therein].

In his § 2241 petition, Smith repeats his argument that he was "falsely convicted and imprisoned" because the grand jury declined to indict him and did not return a true bill. He also alleges that the jury foreperson went to high school with the prosecutor. Smith seeks release from incarceration and damages for false imprisonment and chronic lung disease. [D. E. No. 1 at Page ID #4-5, 8]

The Court does not reach the merits of these arguments because Smith's claims are not of the kind that may be pursued in a petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may generally not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Smith's claims are claims of ordinary trial error that cannot be pursued under § 2241 because the remedies afforded by direct appeal and a motion under § 2255 are not "inadequate and ineffective" to assert them. *Perez-Ortiz*, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018) (noting that relief under § 2241 is unavailable where "the grounds for relief raised in the petition were merely reassertions of issues that Perez-Ortiz had already unsuccessfully raised in his § 2255 motion or were claims

of trial error that should have been raised on direct appeal or in his § 2255 motion.");

*Vassell v. Perez*, 53 F. App'x 348 (6th Cir. 2002); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014); *Donnell v. DeChristoforo*, 416 U.S. 637 (1974).

Accordingly, **IT IS ORDERED** as follows:

1. Michael Dale Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 6th day of March, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

4